**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

**No. 96-30806**
**Summary Calendar**
_____

**FREDERICK A. STRUVE,**

**Plaintiff-Appellant,**

**versus**

**YORAM RAZ,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(95-CV-2181)**
_____

December 18, 1996

Before REYNALDO G. GARZA, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Dr. Frederick Struve appeals the district court's denial of

_____

[*] Local Rule 47.5 provides:  "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to this Rule, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

his motion for payment of attorney's fees and costs. Finding no error, we affirm.

Struve sued Yoram Raz in state court in Louisiana, alleging that Raz had slandered Struve as the result of written and oral statements he had made concerning Struve's integrity as a researcher. Raz answered the complaint and added his former employer, the Louisiana State University Medical Center (LSU-MC), as a third-party defendant, contending that it would also be liable to Struve and would have to indemnify Raz for any judgment paid. Raz then removed the case to the United States District Court for the Western District of Louisiana. No legal ground was provided in his notice of removal. Rather, he apparently thought that because he was involved as a plaintiff in a pending federal suit against LSU-MC, this was sufficient for the case to be removed. On its own motion, the district court ordered the instant case remanded to state court noting "a clear absence of federal subject matter jurisdiction."

Approximately two weeks after the case was remanded, Struve filed a motion for costs and attorney's fees with the district court under 28 U.S.C. § 1447(c), which provides that a court may order payment of costs and attorney's fees against a removing party when the case is subsequently remanded to state court because of a defect in the removal, whether it be technical or jurisdictional. He requested that Raz be assessed with the expenses he incurred in preparing a motion to remand and in preparing the motion for costs.

2

The motion for remand was never filed; nevertheless, he asserts he had begun to prepare one before the remand order was entered by the court. The magistrate judge denied the motion by memorandum order and the district court affirmed on the basis of that order.

The order first noted that Raz was proceeding *pro se*. While the removal was "clearly improper," the magistrate judge found that it was prompted by "a misunderstanding of the concept of supplemental jurisdiction in the removal context." He noted that this subject sometimes proves vexing for attorneys and concluded that Raz did not act in bad faith. He also stated that while case law indicated that bad faith was not a prerequisite for the imposition of costs under this section, the absence of bad faith combined with "the absence of any true need for plaintiff to incur substantial fees or expenses in seeking a remand, warrants denial of the relief sought."

We undertook an analysis of 28 U.S.C. § 1447(c) in *Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993). We there held that the district court abused its discretion by imposing the cost of attorney's fees against a removing party where there was no "impropriety" in the party's removal of the case at the time of removal. We did not hold that a district court *must* impose sanctions when a defendant improperly removes a case to federal court, only that this is a necessary predicate for any sanction. The decision to impose sanctions is one that lies within the sound discretion of the

3

district court.  We cannot say that the district court's refusal to assess attorney's fees against a *pro se* defendant who was apparently confused about the law of supplemental jurisdiction amounts to an abuse of discretion.  Likewise, we find no error in the court's refusal to assess costs against this defendant.

AFFIRMED.